# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 1615 | DATE | 6/5/2001 |
| CASE TITLE | Sherry Ratcliffe vs. City of Chicago, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion of defendant Firemen's Annuity and Benefit Fund of Chicago to dismiss [22-1] is granted. All claims against defendant are dismissed with prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUN 07 2001 | 25 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN -6 PM 6:05 | |
| | Copy to judge/magistrate judge. | 6/5/2001 date mailed notice | |
| SB courtroom deputy's initials | | MDF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY RATCLIFFE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>CITY OF CHICAGO, a municipal corporation, )<br>CITY OF CHICAGO FIRE DEPARTMENT, )<br>MAYOR RICHARD J. DALEY, FIRE )<br>COMMISSIONER JAMES JOYCE, )<br>PERSONNEL DIRECTOR CHARLES )<br>STEWART AND CITY OF CHICAGO )<br>FIREMAN'S ANNUITY AND BENEFIT FUND, )<br>)<br>Defendants. | No. 01 C 1615<br><br>Suzanne B. Conlon, Judge |



**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Sherry Ratcliffe sues the City of Chicago, the Chicago Fire Department, Mayor Richard M. Daley, Personnel Director Charles Stewart, Fire Commissioner James Joyce Jr., and the City of Chicago Fireman's Annuity & Benefit Fund ("the firemen fund") for age, disability, race, and sex discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disability Act ("ADA"), 42 U.S.C. § 1201 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Ratcliffe also sues for race discrimination under § 1981, 42 U.S.C. § 1981, and retaliation under Title VII. All defendants except the firemen fund have been dismissed from this action. The firemen fund moves to dismiss.

Although Ratcliffe's form complaint is difficult to decipher, the court accepts well-pleaded allegations as true and draws all reasonable inferences in her favor. Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). Ratcliffe is a 46 year old African-American woman.

25

Since 1989, she worked for the Chicago Fire Department as a firefighter. In 1993, Ratcliffe allegedly opposed race discrimination. During the same year, she suffered an on-duty injury, resulting in a disability that required medical leave. Ratcliffe contends she has been continuously discriminated against since March 1994. The Chicago Fire Department allegedly refused to accommodate her disabilities and then discharged her. The firemen fund denied her pension benefits request after failing to provide her with essential information. Starting in 1997, Ratcliffe has repeatedly been denied reinstatement. She filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 6, 2000. The charge does not name the firemen fund as a defendant and does not contain any allegations of misconduct on the firemen fund's part. The EEOC issued a right-to-sue letter and Ratcliffe filed her complaint in March 2001.

In deciding a motion to dismiss, the court considers whether relief is possible under any set of facts consistent with the complaint's allegations. Pokuta v. TWA, 191 F.3d 834, 839 (7th Cir. 1999). A motion to dismiss will be granted only if no set of facts would warrant relief. Frieri v. City of Chicago, 127 F. Supp.2d 992, 994 (N.D. Ill. 2001). A motion to dismiss tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

**ADEA, ADA, and Title VII**

Under the ADEA, the ADA, and Title VII, Ratcliffe's right to sue in this court depends on filing a timely discrimination charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1), (f)(1); 42 U.S.C. § 12117(a); Alexander v. Gardener-Denver Co., 415 U.S. 36, 47 (1994); Hamilton v. Komatsu Dresser Indus., 964 F.2d 600, 603 (7th Cir. 1992). The suit may be brought only against parties named in the charge. Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (Title VII); Moore v. Cook County Hosp., No. 96 C 6985, 1997 WL 779067, at *3 (N.D. Ill. Dec. 12,

1997) (ADEA & ADA). Ratcliffe did not name the firemen fund in her EEOC charge. In fact, the charge contains no allegations concerning the firemen fund. Ratcliffe responds that the record submitted to the EEOC contains a letter showing she did name the firemen fund. Ratcliffe fails to attach the letter as an exhibit or provide other proof of its existence. Thus, the ADA, ADEA and Title VII claims must be dismissed.

In addition, the firemen fund is an independent statutory entity created by the Illinois legislature to administer benefits to Chicago firefighters. 40 ILCS 5/6-101 *et seq.* It is not a department of the City of Chicago or of the Chicago Fire Department. *Id.* Therefore, the firemen fund argues that it never was Ratcliffe's employer and is not subject to suit for employment discrimination under the ADEA, ADA, or Title VII. 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 1201 *et seq.*; 42 U.S.C. § 2000e *et seq.* Ratcliffe does not allege in her complaint or EEOC charge any facts to show that the firemen fund was her employer. The ADEA, the ADA, and Title VII all require as a prerequisite to suit that a plaintiff at one time be employed by the defendant. *Id.* Because Ratcliffe was never employed by the firemen fund, she has no cognizable employment claims against it. *See* Kelly v. Wauconda Park Dist., 801 F.2d 269, 270-73 (7th Cir. 1986) (ADEA); Johnson v. Equitable Life Assurance Soc'y of the U.S., No. 96 C 2418, 1997 WL 417409, at *4 (N.D. Ill. July 22, 1997) (ADA & Title VII). The complaint is therefore fatally defective on this ground as well.

The firemen fund also argues the ADEA, ADA, and Title VII claims are time-barred. To be timely, Ratcliffe must have filed her charge within 300 days of the alleged discrimination. Filipovic v. K & R Exp. Sys., Inc., 176 F.3d 390, 396 (7th Cir. 1999). Ratcliffe filed her charge on April 6, 2000. Thus, all claims based on conduct prior to June 1999 appear untimely. Ratcliffe alleges the discriminatory conduct she experienced was a continuing violation from February 1, 1998 through

February 5, 2000. The continuing violation doctrine allows a plaintiff to sue for a time-barred act by linking it with an act within the limitations period. Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992). The court considers the combination one continuous act that terminates within the limitations period. *Id.* Ratcliffe's assertion that the actions perpetrated against her constitute a continuing violation must be supported by factual allegations in the complaint to toll the limitations period. Payne v. Abott Lab., 999 F. Supp. 1145, 1150 (N.D. Ill. 1998); Saldana v. City of Chicago, 972 F. Supp. 453, 456 (N.D. Ill. 1997). Ratcliffe does not allege the firemen fund committed a single discriminatory act within the 300 days preceding the filing of her EEOC charge on April 6, 2000. In fact, the firemen fund is not even named in Ratcliffe's charge as a culpable party. The only allegation supporting her claims of discrimination and retaliation that could link the discriminatory conduct before the 300-day period is that her requests for reinstatement were repeatedly denied since 1997. This allegation cannot support her continuing violation theory because repeated requests for reinstatement do not extend the statute of limitations period. Sharp v. United Airlines, Inc., 236 F.3d 368, 373 (7th Cir. 2001); Graehling v. Village of Lombard, Ill., 58 F.3d 295, 296-97 (7th Cir. 1995). Ratcliffe's ADEA, ADA, and Title VII claims are untimely.

## § 1981

The statute of limitations for § 1981 claims is two years. Booker v. Ward, 94 F.3d 1052, 1056 (7th Cir. 1996). Ratcliffe filed this complaint in March 2001. The firemen fund contends Ratcliffe's claim must occur after March 1999, and that she has not alleged any unlawful conduct after that date. But Ratcliffe alleges continuous discrimination, including repeated denials of reinstatement since 1997. Under the continuing violation doctrine, the limitations period for § 1981 is tolled if a plaintiff is unaware after each act that it was discriminatory. Hall v. Burlington N. Santa

Fe, 977 F. Supp. 1344, 1345 (N.D. Ill. 1997). The firemen fund does not address Ratcliffe's allegation that her § 1981 claim is based on continuous conduct. However, this conduct is the same that forms the basis of Ratcliffe's ADEA, ADA, and Title VII claims. As such, Ratcliffe's § 1981 claim must be dismissed as untimely.

## *Res Judicata*

The doctrine of *res judicata* is designed to ensure the finality of decisions. The elements of *res judicata* are a final judgment on the merits; an identity of the cause of action in both the earlier and later suit; and an identity of parties in the two suits. Smith v. City of Chicago, 820 F.2d 916, 917 (7th Cir. 1987). The firemen fund focuses on a page of Ratcliffe's response to the co-defendants' motion to dismiss to argue Ratcliffe concedes she previously sought judicial review of the firemen fund's conduct in the Circuit Court of Cook County and the Illinois Appellate Court. Def. Resp. Ex. B, p. 3 at ¶ 5. Ratcliffe admits the trial court dismissed and the appellate court affirmed the dismissal based on the fact that she "failed to file for administrative review after being notified by the . . . [firemen fund] of the time frame to do so." *Id.* (emphasis in original). The firemen fund asserts that all necessary elements of *res judicata* are present. Although Ratcliffe does not contest that a final judgment on the merits was reached or that the same parties were involved in the prior action, she responds that the prior action did not involve the same issues as the present case. Specifically, Ratcliffe claims that the prior action involved solely the period of 1996 to 1997 when she was found to no longer be disabled or entitled to benefits. Based on the paucity of evidence presented by the firemen fund to support its *res judicata* argument, this court cannot find an identity of causes of action exist between the administrative review action and this case, arising out of the same operative facts.

## **CONCLUSION**

All claims against the Fireman Fund are dismissed with prejudice.

ENTER:

*Suzanne B. Conlon*

Suzanne B. Conlon
United States District Judge

June 5, 2001